(45 Misc. Rep. 240.)

## FINN v. SMITH et al.

(Supreme Court, Special Term, Montgomery County. November, 1904.)

1. REFERENCE—SALE ON FORECLOSURE—AGREEMENT AS TO PROCEEDS.

A referee appointed to sell property under foreclosure should not, when making payments under the judgment, exact from parties to whom the payments are made agreements to return the money and indemnify him against loss if such return becomes necessary on reversal of the judgment.

2. SAME—RETURN OF PROCEEDS.

Where the referee agreed to hold money or proceeds of a foreclosure sale until the result of an appeal was determined, but made payments in violation of such agreement, the alleged agreement being illegal, and the payments having been made in accordance with the provisions of a foreclosure judgment, the court will not grant an order made pending the appeal requiring the parties to whom the payments were made to return the money to the referee.

Action by Timothy Finn against Carl C. Smith and others. Judgment for plaintiff. Motion by defendant Mohawk Valley Lumber Company for an order requiring certain defendants to return to the referee the moneys paid from the proceeds of the premises sold under the judgment. Denied.

George C. Stewart, for defendant Mohawk Valley Lumber Co.
Horatio G. Glen, for defendant Williams.
John D. Miller, for defendant Levesque.
P. R. Chapman, for defendant Conkey.

SPENCER, J. This is a motion in foreclosure, to require the defendants Delos H. Williams, Joseph Levesque, and Georgiana Conkey to return to the referee moneys paid to them pursuant to the judgment. The motion is based upon the misconduct of the referee. It is claimed that he made the payments in violation of an agreement between the attorneys, which was known to him, to the effect that he should hold the proceeds pending an appeal. The defendant Williams concedes the agreement, and consents to a return of the money. The defendant Levesque acknowledges the agreement, but alleges that since payment the money has been seized under attachment by his creditors. The defendant Conkey denies the agreement, and resists the motion. As this disagreeable contention may in part have resulted from a violation of court rule 61, which prohibits the appointment of referees in foreclosure cases nominated by parties or their counsel, I make it the occasion for a few comments upon that provision. In 1895 the Legislature by an amendment to section 17 of the Code of Civil Procedure empowered the justices assigned to the Appellate Divisions to establish rules binding upon all the courts in the state. Pursuant to that authority, general rules of practice were adopted, which have been recognized in the Supreme Court, but not in the County Courts. The prohibition mentioned was new, and, although adopted for the purpose of correcting certain well-known disorders long existent, and which had brought the referee system into disfavor, nevertheless the obedience of the justices thereto excited almost universal protest from the legal pro-

fession, and inspired among them a spirit of criticism unfortunate in its results. Since that nearly all foreclosures that may be brought in the County Courts are so brought for the sole reason that the attorneys are there permitted to select the referees. This divergence in the practice of the two courts has kept up a constant irritation, which has been the exciting cause for a series of legislative enactments tending to hamper the justices of the Trial and Special Terms of this court in the performance of their general duties, and subjecting them to petty dictations inconsistent with the independence of the justices and the dignity of the court. As disclosing the situation in this district, I may be permitted to say that since coming to the bench, among the hundreds of applications made to me, in only one instance has the attorney failed to directly or indirectly nominate a person whom he desired to have appointed as referee, and in every case where such a request has not been complied with a protest has been made. Under these circumstances it is not to be wondered that of those who have recently been called to perform judicial functions in this court some have shrunk from the annoyance connected with their obligations to comply with the rule, and that its enforcement, in some instances, has been slack. In the case at bar the referee was appointed at the special instance of all the attorneys. Had he been named by the court without any suggestion from the attorneys, the same consequences might have ensued, as there is no absolute guaranty against irregularities in proceedings where human beings are the instrumentalities; but the probabilities for it would not have been so great. No doubt the underlying difficulty in all these matters, and which the rule was intended to minimize, is the desire of attorneys to have a referee that will extend to them favors and conform to their convenience. The persistency with which the profession insists upon the privilege as a prerogative inclines one to the view that either the rule is improper or the profession is unconscious of its necessity, and fails to appreciate the dangers which it was intended to avoid. The referee here, in making payments to the lienors Williams and Levesque, exacted an agreement for a return of the money if required; and, in respect to the mortgagee, an agreement, signed by responsible parties, to the effect that he should be saved free and harmless from all loss by reason of the payment. I need not characterize these acts of the referee. He should not have made these personal agreements. If he did not feel secure in carrying out the terms of the judgment in reliance upon its authority, he should have resigned the position. But, so long as he has not officially departed from the provisions of the judgment, I am of the opinion that the court should not interfere. His duties were strictly ministerial. All the parties knew that the alleged agreement, if made, was illegal and void; that they were not, in law, bound thereby; that it had no binding force upon the referee; and that it called upon him to depart from the provisions of the statutes and rules regulating referees in the discharge of their duties, and therefore they have little or no cause for complaint. In case the moving party obtains a reversal of the judgment on appeal, the court may then require restitution under well-understood methods of practice. I think the matter must remain in its present status until the judgment has either been reversed or modified. The motion is therefore denied, with costs.

Motion denied, with costs.